NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-61


MAC NORMAND

VERSUS

VILLAGE OF HESSMER


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2006-9329
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and J. David Painter, Judges.

AFFIRMED.


Ricky L. Sooter
Provosty, Sadler, deLaunay,
 Fiorenza & Sobel
P. O. Box 1791
Alexandria, LA 71309-1791
(318) 445-3631
Counsel for Defendant/Appellant:
     Village of Hessmer

Cory P. Roy
Attorney at Law
P. O. Box 544
Marksville, LA 71351
(318) 240-7800
Counsel for Defendant/Appellant:
     Village of Hessmer

**Darrel D. Ryland**
**J.B. Treuting**
**Wesley K. Elmer**
**Danika A. Benjamin**
**Danielle A. Soldani-Ryland**
**Law Office of Darrel D. Ryland, APLC**
**P.O. Box 1469**
**Marksville, LA 71351**
**(318) 253-5961**
**Counsel for Plaintiff/Appellee:**
      **Mac Normand**

**DECUIR, Judge.**

The Village of Hessmer appeals a judgment of the trial court granting an injunction in favor of Mac Normand and awarding damages.

## FACTS

Mac Normand purchased property situated on Main Street in the Village of Hessmer. Over the years, he has attempted to develop the property through a variety of proposals and projects. Whether a carwash, duplexes, strip mall, or attempts at sale to third parties including officials of the Village, his efforts have been to no avail. The property lies in between the homes of the Mayor of Hessmer, Lynn Bordelon, and his father. In January 2006, Mac Normand, a licensed contractor, applied for and received six building permits for construction of one story brick houses with metal roofs on the property.

Construction on the houses started in April 2006. Upon realizing that Normand was constructing several homes on a single piece of property without receiving the appropriate approval for a subdivision, the Village sent a letter advising Normand to cease construction.

On May 10, 2006, Normand applied for fifteen additional building permits involving other property. The application was denied, and Normand was informed that a temporary moratorium on the issuance of permits was in effect while the Village revised the requirements. On May 15, 2006, Normand sought and received a temporary restraining order preventing the Village from suspending the issuance of building permits. Days later, Normand filed an amended petition seeking injunctive relief and/or writ of mandamus alleging that the Village refused to issue the permits and was in violation of the temporary restraining order. On June 2, 2006, the Village answered and filed a reconventional demand and request for injunction alleging that Normand was not in compliance with local zoning and subdivision ordinances.

Normand continued construction on the Main Street project, and on June 6, 2006, the Village revoked the building permits. The trial court ultimately issued a preliminary injunction directed to Normand and permitting him to complete construction on the six homes and prohibited any other construction not in compliance with the zoning and subdivision regulations of the Village. Subsequently, Normand completed the six homes, but the Village refused to authorize permanent electrical service or to connect water and sewerage to the property.

On November 28, 2006, Normand filed a motion for contempt alleging that the Village refused to comply with the terms of the preliminary injunction. Hearing on the matter was delayed while engineers for both parties sought an amicable resolution. The engineers submitted a proposal, but the Village refused to sign on to the recommendation. A hearing was held, and the trial court found the Village in contempt of court for violation of its preliminary injunction and ordered the Village to provide water and sewer as recommended in the engineers' recommendation and to take the necessary action to provide permanent electrical service to the six homes. The Village appealed to this court which reversed the trial court's finding of contempt in an unpublished opinion. *Normand v. Village of Hessmer*, 07-688 (La.App. 3 Cir. 10/31/2007).

On February 13, 2008, the case was tried on the merits. The trial court found in favor of Normand and issued a permanent injunction against the Village enjoining it from revoking the permits on the six already constructed dwellings and ordering it to allow Normand to complete construction by providing utility services to the homes. In addition, the trial court awarded Normand damages of $500.00 per month per home from July 31, 2006. Finally, the trial court enjoined Normand from any further

2

violations of ordinances on property owned by Normand in the Village. The Village lodged this appeal.

## DISCUSSION

The Village first contends that the trial court erred in ordering it to allow Normand to complete construction and requiring it to connect utilities. We disagree.

The Village argues that in issuing its initial injunction in this case, the trial court found that the construction of the six houses by Normand was in direct violation of both the zoning and subdivision ordinances of the Village of Hessmer, and now finds the exact opposite. While the trial court's reasons for judgment do express this opinion, "[r]easons for judgment by a trial judge are not controlling and do not constitute the judgment of the court." *Succession of Hackney*, 97-859, p. 7 (La.App. 3 Cir. 2/4/98), 707 So.2d 1302, 1307. Moreover, since the trial court's initial assessment, the case has continued and the record has been further developed.

After reviewing the zoning ordinance, we cannot say unequivocally that Normand violated the letter of the ordinance. Specifically, the zoning ordinance does not clearly enunciate that only one single family dwelling may be erected on a given parcel. Instead, it prescribes minimum size requirements for parcels containing dwellings. This is in stark contrast to the specific prohibition against trailer parks provided in the ordinance. It is well established that zoning laws in derogation of private ownership must be strictly construed in favor of the property owner. *Carrere v. Orleans Club*, 214 La. 303 , 37 So.2d 715. Accordingly, the trial court could have concluded that the zoning ordinance was ambiguous and, therefore, held that for the purposes of the existing structures, the zoning ordinance was unenforceable, and, therefore, the subdivision ordinance did not come into play. We cannot say that such a conclusion is manifestly erroneous. Under these circumstances, the trial court did

3

not err in enjoining the Village from interfering with completion of the six homes or in ordering it to connect the homes to utilities.

The Village next contends that the trial court erred in ordering the Village to connect utilities. The Village argues that the various statutes prohibit the Village from accepting or improving any street or authorizing water mains and sewer connections absent an approved subdivision plat. These arguments are inapplicable as it has been established in the record that Normand has not created a subdivision, and the driveway leading to the six homes does not meet the standards to become a dedicated street. Likewise, the Village's argument that the water and sewer connections would be substandard are refuted by the previous recommendation of its own engineers that the connections should be made. We find no merit to this argument.

The Village next contends that the trial court erred in awarding damages to Normand when no competent evidence established the Village's obligation to connect utilities or the amount of Normand's damages. We disagree.

General damage awards are subject to the abuse of discretion standard of review. *Coco v. Winston Indus., Inc.* 341 So.2d 332 (La. 1976). The trier of fact sees evidence directly and is in a superior position to judge a witnesses credibility, therefore, an appellate court should rarely disturb such an award. *Duncan v. Kansas City So.Ry. Co.*, 00-66 (La. 10/30/00), 773 So.2d 670.

In this case, the trial court found that Normand had done what was required to have utilities connected and that such connection was recommended by the Village's engineers. The court also found the Village to be uncooperative with Normand and the court. With regard to the amount of damages, Normand testified he had several renters who wanted to rent his homes for $500.00 per unit per month and that he had

4

to refund six deposits of $1,000.00 each because of the actions of the Village of Hessmer. Normand provided a list of specific people willing to rent his homes to the court. The Village of Hessmer did not controvert this evidence. Accordingly, we find no abuse of discretion in the trial court's award of damages in the amount of $500.00 per month per unit from July 31, 2006 until such time as the Village connects utilities to the units as ordered by the court.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed . All costs of these proceedings are taxed to the Village of Hessmer.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.